ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JAIME AUGUSTO DOORLY ABREU<br><br>Peticionario<br><br>v.<br><br>ALROSS LLC. Y OTROS<br><br>Recurridos | KLCE202500139 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Superior de Caguas<br><br>Caso Núm.: CG2023CV00254<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de marzo de 2025.

Comparece la parte demandante y peticionaria, Sr. Jaime Doorly Abreu (señor Doorly Abreu), quien nos solicita la revocación de la *Orden* emitida el 20 de diciembre de 2024, notificada el día 23 siguiente, por el Tribunal de Primera Instancia, Sala de Caguas (TPI). En el aludido dictamen, el TPI denegó su solicitud de información sobre acuerdos o facturas entre la parte demandada y recurrida ALROSS, LLC. (ALROSS) y terceros.

**I.**

La presente causa se inició el 30 de diciembre de 2022, ocasión en que el señor Doorly Abreu instó una *Demanda* por cobro de dinero, en contra de ALROSS, el Sr. Wilfredo Rosario López (señor Rosario López) y otros codemandados con nombres desconocidos.[1] En síntesis, el demandante alegó que, el 17 de enero de 2020,[2] acordó por escrito el recibo del 30% de las comisiones generadas por el demandado, quien se dedica a la representación, distribución e importación de metales y sus derivados. Adujo que, desde el 27 de

---

[1] Apéndice, págs. 2-11.
[2] Apéndice, pág. 47.

diciembre de 2021, el demandado dejó de pagar las comisiones pactadas. Sostuvo que la deuda acumulada ascendía a una "no menor" de $134,274.16 (30% de $447,580.52) más intereses.[3] Indicó en su reclamación que faltaban facturas por contabilizar, las cuales serían calculadas luego del descubrimiento de prueba.

El 13 de abril de 2023, ALROSS presentó su alegación responsiva.[4] Solicitó la desestimación de la reclamación en contra del señor Rosario López, negó la acreencia a favor del demandante y presentó varias defensas afirmativas. El señor Doorly Abreu replicó;[5] y el TPI desestimó con perjuicio la causa de acción en contra del señor Rosario López mediante una *Sentencia Parcial.*[6]

Acaecidos varios incidentes procesales relacionados con el descubrimiento de prueba,[7] del expediente electrónico se desprende que, el 23 de septiembre de 2024, el TPI notificó una *Orden.* En ésta, pronunció que el procedimiento del descubrimiento de prueba culminaba el 30 de diciembre de 2024 y añadió que "no habrá prórroga".[8]

Así las cosas, el 5 de diciembre de 2024, el señor Doorly Abreu instó una moción en la que arguyó que el demandado había instruido a los suplidores Aluminio Texcoco y Extrusiones Metálicas para que dejaran de enviarle copia de las facturas y depósitos. A tales efectos, solicitó al TPI que dictara una orden para que el demandado proveyera "copia de todos los depósitos realizados a ALROSS desde su creación hasta el presente".[9] El fin del descubrimiento era conocer lo facturado por ALROSS y lo pagado por los suplidores, con el objeto de computar sus comisiones.

---

[3] Apéndice, pág. 11: facturas 1009-1025.
[4] Refiérase a la entrada 10 del expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Entrada 26 de SUMAC.
[6] Entrada 66 de SUMAC.
[7] Véase, Apéndice, págs. 12-41.
[8] Entrada 76 del SUMAC.
[9] Apéndice, págs. 42-51.

ALROSS compareció según lo intimado.[10] Sostuvo que, conforme las alegaciones de la *Demanda* y la reclamación de $134,274.16 lo correcto era delimitar el descubrimiento de prueba a las transacciones realizadas exclusivamente entre los litigantes; y proscribir una expedición de pesca de toda transacción existente con terceros, que pudiera incluir asuntos de negocio privilegiados.[11]

Evaluadas las posturas, el 23 de diciembre de 2024, el TPI notificó la *Orden* recurrida,[12] en la cual acogió los planteamientos del demandado y expresó lo siguiente:

> NO HA LUGAR A LA SOLICITUD DE INFORMACIÓN DE LOS ACUERDOS O FACTURAS DE LA PARTE DEMANDADA CON TERCEROS.

No obstante, el señor Doorly Abreu solicitó oportunamente la reconsideración de la determinación interlocutoria.[13] En su escrito, reprodujo las alegaciones vertidas y reiteró su petición en torno a que se proveyera "copia de todos los depósitos realizados a ALROSS por parte de Extrusiones Metálicas y Texcoco", ya que desconoce cuánto realmente se le debe en las comisiones generadas por las ventas. El 7 de enero de 2025, notificada el día 9 siguiente, el TPI declaró No Ha Lugar la *Reconsideración.*[14]

En desacuerdo, el 10 de febrero de 2025, el señor Doorly Abreu acudió ante nos mediante un recurso discrecional de *certiorari* y esbozó el siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA SOLICITUD DE DESCUBRIMIENTO DE PRUEBA PERTINENTE DIRECTAMENTE Y MEDULAR RELACIONADA CON EL ASUNTO EN CONTRIVERSIA.

Por su parte, ALROSS presentó *Oposición a Expedición de Auto de Certiorari y/o Desestimación* el 24 de febrero de 2025. Con el beneficio de ambas comparecencias, resolvemos.

---

[10] Apéndice, pág. 52.
[11] Apéndice, págs. 53-55.
[12] Apéndice, pág. 56.
[13] Apéndice, págs. 57-65.
[14] Apéndice, pág. 1.

**II.**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional. *García v. Padró, supra.* El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Id.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Por ende, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera…" *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.

No obstante, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra*, pág. 335; *Pueblo v. Ortega Santiago, supra*.

Es sabido que la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las cuales este foro intermedio tiene autoridad para atender los recursos de *certiorari*. En su parte pertinente, la norma dispone como sigue:

> .     .     .     .     .     .     .     .
>
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> .     .     .     .     .     .     .     .

La regla procesal fija taxativamente los asuntos aptos para la revisión interlocutoria mediante el recurso de *certiorari*, así como aquellas materias que, por excepción, ameritan nuestra intervención adelantada, ya fuese por su naturaleza o por el efecto producido a las partes. *800 Ponce de León v. AIG, supra*, pág. 175.

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari*, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*, 4 LPRA Ap. XXII-B, R. 40. Así reza:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Claro está, es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, *"salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto"*. (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018), que cita con aprobación a *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000); *Meléndez Vega v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

### III.

En la causa del epígrafe, el peticionario aduce que el TPI incidió al denegar su solicitud de descubrimiento de prueba, la cual considera pertinente y medular a la controversia. Expone que, dado que ALROSS presuntamente ordenó a las compañías cesar de proveer información, para poder establecer cuánto realmente se le adeuda, es necesario que se descubra lo solicitado. Resalta que, en su reclamación, mencionó que hasta el momento se acumulaba una acreencia "no menor" a $134,274.16.

Por su parte, el recurrido plantea que, a lo largo del procedimiento, las partes han solicitado y contestado mutuamente el descubrimiento de prueba. Empero, sostiene que el peticionario pretende iniciar una expedición de pesca, proscrita por las reglas procesales, para que se revelen contrataciones ajenas a las partes.

Añadió que al recurrente le corresponde el peso de la prueba para demostrar una acreencia líquida y exigible a su favor.

Como se conoce, el propósito del descubrimiento de prueba es delimitar las controversias, facilitar la consecución de evidencia, evitar las sorpresas en el juicio, facilitar la búsqueda de la verdad y perpetuar la prueba. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 203 (2023). Ello así, porque en nuestro ordenamiento se ha adoptado la política de que el descubrimiento de prueba debe ser amplio y liberal. *Id.* En armonía, se confiere a los foros judiciales de primera instancia una amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Id.*, págs. 203-204. Por lo tanto, al momento de limitar el descubrimiento de prueba de acuerdo con las reglas de procedimiento civil, los tribunales deberán hacer un balance entre estos dos intereses. *Id.*, pág. 204.

Expuesto lo anterior, es imperante apuntar que el asunto planteado en el presente recurso no está contenido en las materias que consigna la Regla 52.1 de Procedimiento Civil, *supra*. Del mismo modo, es nuestra opinión que las contenciones del peticionario no se ajustan a ninguno de los criterios de la Regla 40 de nuestro Reglamento. Además, estimamos que el proceder del TPI se encuentra dentro del marco de su amplia discreción. Nótese que el Tribunal Supremo ha dicho que únicamente se pueden reclamar por vía judicial las deudas vencidas, líquidas y exigibles. *RMCA v. Mayol Bianchi*, 208 DPR 100, 108 (2021); *Ramos y otros v. Colón y otros*, 153 DPR 534, 546 (2001). El vocablo *líquida*, en relación con una cuenta y lenguaje corriente, significa el saldo "o residuo de cuantía cierta que resulta de la comparación del cargo con la data". Y la voz *exigible*, refiriéndose a una obligación, significa que puede demandarse su cumplimiento. *RMCA v. Mayol Bianchi, supra*;

*Guadalupe v. Rodríguez*, 70 DPR 958, 966 (1950). La deuda es líquida por ser cierta y determinada; y es exigible porque puede demandarse su cumplimiento. *RMCA v. Mayol Bianchi, supra*, págs. 108-109; *Guadalupe v. Rodríguez, supra*.

En fin, el foro de instancia es quien está en mejor posición para tomar las medidas que faciliten el adecuado curso del caso hacia su final disposición. En ese sentido, en el ámbito del manejo de un caso, como lo es el trámite del descubrimiento de prueba, debemos conferir deferencia. Así, pues, evaluados los hechos que informa esta causa, junto a los documentos unidos al expediente, determinamos que no se justifica nuestra intervención con la actuación del foro impugnado. El peticionario no demostró que el TPI incurriese en prejuicio, parcialidad, abuso de discreción o error craso y manifiesto, al extender el descubrimiento de prueba.

**IV.**

Por los fundamentos expuestos, denegamos expedir el recurso discrecional de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones